# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ATHANASIOS LIVADITIS, ) | |
| ) | |
| ) | Case No. 17 cv 5872 |
| Plaintiffs, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| PATHWAYS MANAGEMENT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Pathways Management Group, Inc.'s ("Pathways") moves to dismiss in part [21] the complaint to the extent that it claims Pathways violated the lease by terminating it more than 120 days after the lease commenced. For the reasons stated herein, the Court grants the motion.

## Statement

Athanasios "Tom" Livaditis claims that Pathways breached its lease and Pathways claims that Livaditis is improperly withholding the security deposit. In June 2014, the parties entered into a ten-year commercial lease agreement for space at 4810-4820 N. Western Ave., Chicago, Illinois, for the purpose of operating a charter school. On January 28, 2016, Pathways sent Livaditis a letter purporting to terminate the lease under Section 2.3 of the Lease. Livaditis alleges that Pathways breached the lease agreement, by not paying its obligations under the agreement and by making unauthorized alterations to the premises that interfered with Livaditis' ability to lease the second floor space to other tenants. Livadits alleges that the alterations to the premises rendered the entire building unsuitable for any use other than a charter school.

Although Livaditis does not specifically allege late termination as a material breach of the lease, he does assert that Pathways could not terminate the lease after the 120 day period set forth in

Section 2.3 without consequences. (Dkt. 1-1, Complaint at ¶¶ 24-27, 38). Pathways moves to dismiss, arguing that Section 2.3 of the lease stipulates a condition that allows either party to terminate the lease by written notice if the condition is not met.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

Illinois follows the "four-corners" rule: if the contract language is clear and unambiguous, extrinsic evidence will not be considered. *Air Safety, Inc. v. Teachers Realty Corp.,* 185 Ill.2d 457, 462 (1999). "A contract term is ambiguous if it can reasonably be interpreted in more than one way due to the indefiniteness of the language or due to it having a double or multiple meaning." *William Blair and Co., LLC, v. FI Liquidation Corp.,* 358 Ill.App.3d 324, 334 (2005). However, the mere fact that the parties disagree over the meaning of a contractual term does not make that term ambiguous. *Id.*

The provision at issue, Section 2.3 of the Lease Agreement is attached to both the complaint and Pathways' motion to dismiss. It states in relevant part:

> Tenant is a school management organization and is entering into the Lease for the operation and management of a Pathways In Education school ("Pathways"). The parties agree and acknowledge that this Lease shall be contingent upon Pathways obtaining a Special Use Permit ("SUP") for its Use, if the SUP is required by the City of Chicago. If Pathways cannot obtain the SUP within one hundred twenty (120) days from the Lease Reference Date, this Lease may be terminated by either party, without penalty, upon written notice to the other party.

Pathways argues that this provision is unambiguous and allows either party to terminate the lease with written notice to the other party if the condition that Pathways obtains the SUP within 120 days of the Lease Reference Date is not met. Livaditis counters that the provision is ambiguous and Pathways' interpretation leads to an absurd result. Livaditis contends that Pathways' reading would mean it could terminate the lease after four years had passed despite having obtained the SUP in more than 120 days and operated a school. Livaditis urges the Court to interpret the provision as requiring both the SUP permit and, if Pathways cannot obtain a permit, the notice of termination be provided within 120 days. This reading contradicts the express language of the provision, however, by attaching the 120 days to the notice requirement contained in a different clause in the sentence.

"[A] court cannot alter, change or modify the existing terms of a contract or add new terms or conditions to which the parties do not appear to have assented, write into the contract something which the parties have omitted or take away something which the parties have included." *Gallagher v. Lenart*, 367 Ill. App. 3d 293, 301, 854 N.E.2d 800, 807 (1st Dist. 2006), *aff'd*, 226 Ill. 2d 208, 874 N.E.2d 43 (2007) (citing 12A Ill. L. & Prac. *Contracts* § 233 (1983)). Courts presume that a contract contains all material terms and does not read in provisions that easily could have been included in the contract but were not. *Id.* (citing *Lee v. Allstate Life Insurance Co.,* 361 Ill.App.3d 970, 979, 297 Ill.Dec. 528, 838 N.E.2d 15, 24 (2005)). Here, Livaditis is asking the Court to include a specific time requirement for the written notice where the language clearly applies the 120 days to the obtaining of a permit as a condition rather than as a deadline for providing notice.

To conclude otherwise would mean that Pathways would be bound to a ten-year lease that limited the use of the premises to the operation of a school regardless of whether or not Pathways was able to obtain a permit to operate the school unless Pathways provided written notice within the same 120 days it has to obtain the permit. Moreover, the provision clearly states that "this Lease *may* be terminated *by either party*, without penalty, upon written notice to the other party." This is

permissive language as opposed to mandatory language like "shall," and gives Livaditis the same ability to terminate the contract if Pathways was unable to obtain a permit within 120 days thereby alleviating some of his risk.

This Court finds the language in Section 2.3 of the Lease clearly and unambiguously allows either party to terminate the lease if the condition of obtaining a SUP from the City was not met within 120 days. Accordingly, any allegation that Pathways breached the Lease by providing written notice of termination after 120 days had elapsed is contradicted by the express terms of the contract.

## Conclusion

Based on the foregoing, this Court grants Pathways' Partial Motion to Dismiss the Complaint [21]. Status hearing set for 1/26/2018 at 9:00 AM to stand.

IT IS SO ORDERED.

ENTERED:

Dated: 1/22/2018

SHARON JOHNSON COLEMAN
United States District Judge